Welsh, J.
This is an appeal by the defendant, John Nardullo, from the denial of his motion to remove default and file late answer.
The action, which was one for the return of a deposit and other monies paid pursuant to a purchase and sales agreement, was entered in the Superior Court on January 27,1995. The defendant John Nardullo was defaulted on August 9, 1995 for failing to file an answer or otherwise defend the action. The action remained open against the other defendant. The action was dismissed without prejudice on April 19,1997 by reason of failure to return the status review report to the court. The plaintiff moved to set aside this judgment on September 25,1997. This motion was allowed and the cause remanded to the District Court on October 7,1997.
On October 15,1997, the defendant Nardullo filed a motion to remove default and file answer late. No affidavit was filed in support of the motion. The motion states that defendant was unaware of the default and that he had inadvertently failed to file an answer believing that the attorney for the co-defendant was also representing him.
The motion judge denied the motion after a hearing.
A judge’s decision on a motion to remove a default judgment is reviewed on the basis of a clear abuse of discretion standard. Riley v. Davison Construction Co., 381 Mass. 432, 441-442 (1980). The explanation offered that the defendant did not know of the default or was relying upon counsel for the co-defendant to protect his interests is unconvincing. The lapse of over two years since service of process suggests a serious misstep not to be lightly overlooked. Such carelessness in failing to defend over so long a period of time constitutes inexcusable neglect. Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 157-161 (1987).
There being no prejudicial error, the appeal is dismissed.
So ordered.